FORMER EMPLOYEES OF ARAN MOLD & DIE CO., INC., PLAINTIFFS, *v.* UNITED STATES SECRETARY OF LABOR, DEFENDANT.

Court No. 03–00362

Dated: July 17, 2003

### ORDER

BARZILAY, *Judge:* Upon consideration of defendant's unopposed motion for voluntary remand, it is hereby

ORDERED that defendant's motion is granted; and it is further

ORDERED that this action is remanded to the United States Department of Labor to conduct an additional investigation and to make a redetermination as to whether plaintiffs are eligible for certification for Trade Adjustment Assistance; and it is further

ORDERED that remand results shall be filed no later than 60 days after the date of this order; and it is further

---

[15] *See, e.g., McKart v. United States*, 395 U.S. 185, 193 (1969), quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938):

> The doctrine of exhaustion of administrative remedies * * * provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."

The Federal Circuit has held that to proceed otherwise would be "inappropriate". *Sandvik Steel Co. v. United States*, 164 F.3d 596, 599 (1998), quoting *Sharp Corp. v. United States*, 837 F.2d 1058, 1062 (Fed.Cir. 1988).

ORDERED that plaintiffs shall file papers with the Court indicating whether they are satisfied or dissatisfied with the remand results no later than 60 days after the remand results are filed with the Court.